**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

EQUARN WHITE,

                                Petitioner,

    - v -                                                  9:19-CV-01066
                                                                         (DNH/DJS)

DELCIS FERRERAS, *Acting Warden, West Facility*,[1]

                                Respondent.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

EQUARN WHITE
Petitioner, *Pro Se*
1412100363
West Facility (WF)
16-06 Hazen Street
East Elmhurst, New York 11370

HON. LETITIA JAMES                        LISA E. FLEISCHMANN, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] When this matter was initially filed Petitioner was in the custody of the New York State Department of Correctional Services, but is no longer in its custody. Dkt. No. 18. The Clerk is directed to update the Court docket to name the Acting Warden of Petitioner's present place of incarceration as Respondent since "the proper respondent in a habeas corpus petition is the officer having custody of the applicant." *Perich v. Mazzuca*, 2007 WL 2455136, at *1 (E.D.N.Y. Aug. 23, 2007) (citing Rules Governing Section 2254 Cases in the United States District Courts).

## REPORT-RECOMMENDATION and ORDER[2]

Petitioner filed the present Petition while an inmate at Clinton Correctional Facility.  Dkt. No. 1, Pet.  The Petition does not challenge his underlying criminal conviction, but relates to certain actions taken by officials of the New York State Department of Corrections and Community Supervision ("DOCCS") while he was incarcerated and subsequent civil litigation challenging those actions. *Id.*  Specifically, Petitioner presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the grounds that he was denied the right to appeal in certain civil proceedings, that DOCCS officials failed to follow lawful procedures and rules regarding referral of him to a treatment program, and that DOCCS officials retaliated against him for grievances filed against them.  Pet. at pp. 3, 5-6, & 8.  Respondent has filed a Memorandum of Law in Opposition to the Petition.  Dkt. No. 8-1.  For the reasons that follow, this Court recommends that the Petition be **denied.**

## I. BACKGROUND

On or about March 11, 2016, Petitioner was reviewed for DOCCS' Sex Offender Counseling and Treatment Program ("SOCTP"), despite the fact that Petitioner was not in custody for committing a sex offense.  Dkt. No. 9, State Court Record ("SR.") at p. 277.  The request for review was made by counseling staff at Upstate Correctional Facility ("UCF") based upon " . . . a guilty disposition of a sex offense violation of [DOCCS']

---

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

1

Standards of Inmate Behavior." SR. at p. 277. He had been found guilty of engaging in lewd behavior on four separate occasions. Pet. at pp. 12-13. Petitioner was referred to the program on March 28, 2016. SR. at p. 277.

Petitioner filed a grievance claiming that he was referred to the program to retaliate against him. SR. at p. 159. The Superintendent at UCF denied the grievance. SR. at p. 196. Petitioner appealed the Superintendent's decision to the DOCCS' Central Office Review Committee ("CORC"). *Id.* CORC denied the appeal as being without merit and upheld the Superintendent's determination. SR. at p. 201.

On or about June 21, 2016, Petitioner filed a grievance at Clinton Correctional Facility ("CCF"), claiming that he had been labeled a sex offender and unconstitutionally forced to take part in the SOCTP. SR. at pp. 203-209. Following an investigation, the CCF Inmate Grievance Resolution Committee ("IGRC") determined that there was a legitimate need for Petitioner to take part in SOCTP. SR. at p. 213. Petitioner's appeal of this determination to CCF's Superintendent was denied. SR. at p. 217. Petitioner then appealed this determination to CORC. *Id.* CORC upheld the Superintendent's decision. SR. at p. 280.

Petitioner commenced a CPLR Article 78 proceeding challenging, *inter alia*, his placement in SOCTP. SR. at pp. 1-157. On July 21, 2017, the Court denied that portion of the Article 78 proceeding related to SOCTP. SR. at pp. 249 & 256.[3] In response to the order denying his Article 78 claim regarding his SOCTP referral, Petitioner filed a

---

[3] The Article 78 proceeding also raised certain issues under New York's Freedom of Information Law that are not at issue in the present habeas Petition.

motion to renew and re-argue which was denied. SR. at pp. 430-439. Petitioner then sought to appeal to the Appellate Division, Third Department and submitted a Poor Person's Application. The Appellate Division granted the Application on November 16, 2017 and permitted Petitioner to proceed on appeal on the original state court record. SR. at p. 443. The Appellate Division issued an Amended Order that required Petitioner to provide copies of the record. SR. at p. 445. Each Order extended Petitioner's time to perfect his appeal. SR. at pp. 443 & 445. It appears from the record that Petitioner never perfected that appeal.

In addition to this Petition, Petitioner commenced an action pursuant to 42 U.S.C. § 1983 that remains pending in this District. *White v. Marinelli*, 9:17-CV-1094 (LEK/ATB). That action was commenced on October 20, 2017, nearly two years prior to this Petition being filed.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco*, 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief:  1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).  The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts."  *Id*. at 413.

4

A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

### III. DISCUSSION

**A. Claims of State Law Are Not Cognizable Upon Federal Habeas Review**

"Federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Federal courts reviewing petitions of habeas corpus cannot re-examine the determinations of state courts on state law issues. *Guerrero v. LaManna*, 325 F.Supp.3d 476, 483 (S.D.N.Y. 2018) (holding that claims alleging violations of New York State's constitution and statutes were not cognizable upon federal habeas review and denying the petition); *see also* 28 U.S.C. § 2254. Instead, their role is to only examine federal constitutional or statutory claims. *Id.*

*1. State Court's Decision Regarding Petitioner's Poor Person Application*

Here, Petitioner claims that he was denied the right to appeal due to being poor, because the court only granted him partial relief in response to his Poor Person's Application. Pet. at p. 3. Petitioner claims that by doing so, he was denied his right to appeal. *Id.* at pp. 3 & 11-12. However, the Appellate Division's decisions on those state

5

court motions are purely a matter based upon a state statutory provision. N.Y. C.P.L.R. § 1101. A state court's decision to deny an individual's request "to proceed as a poor person is not cognizable in [a] Federal habeas proceeding." *Cimino v. New York*, 2018 WL 1256227, at *4 (W.D.N.Y. Mar. 11, 2018) (rejecting a petitioner's claim regarding the lower court's denial of that petitioner's application to proceed as a poor person in a habeas petition on the grounds that the filing fee is a discretionary application of state law and is therefore not cognizable on federal habeas review). As a result, here, Petitioner's claim based on improper rulings on his poor person's application is a matter of state law and is not cognizable upon federal habeas review.[4]

This claim, therefore, should be denied.

*2. Claims Regarding DOCCS' Alleged Failure to Follow Department Rules Regarding SOCTP and Correction Law Section 138*

Petitioner also claims that DOCCS denied him "due process when prison officials failed to follow lawful procedures and department rules regarding [SOCTP], which was arbitrary and capricious," and when they violated Correction Law § 138 by not posting anywhere in the facility a rule or regulation stating that an inmate must take part in SOCTP after receiving three lewd conduct tickets. Pet. at pp. 5 & 15-16. The alleged violations of state rules and statutes is a clear question of state law not cognizable here. *Carmel v. Graham*, 2020 WL 6505168, at *10 (W.D.N.Y. Nov. 5, 2020); *Tafari v.*

---

[4] Moreover, "a prisoner's indigence, on its own, does not mean he has a constitutional right to access an appellate court . . . without paying a filing fee." *Todd v. Dolce*, 2015 WL 4488455, at *8 (E.D.N.Y. July 22, 2015) (holding that no clearly established Supreme Court case concluded that an appellate division's decision to deny a petitioner poor person's status for appeal was unlawful, and denying that petitioner's habeas corpus petition). Any federal claim, therefore, lacks merit.

6

*Superintendent*, 2014 WL 2215763, at *7 (N.D.N.Y. May 29, 2014); *Beverly v. Walker*, 899 F.Supp. 900, 908 (N.D.N.Y. 1995).

These claims, therefore, should be denied.

### B.  Claim Already Filed in Current Section 1983 Action

"[A] Section 2254 proceeding is not the proper vehicle for a First Amendment claim like retaliation." *Brooks v. Wolcott*, 2020 WL 3103795, at *6 (W.D.N.Y. June 11, 2020) (citing cases).  Retaliation in response to a prisoner filing a grievance violates the First Amendment rights of the inmate, and is actionable under 42 U.S.C. § 1983.  *Id.*; *see also Castro v. Martel*, 2010 WL 4880630, at *12 (E.D.N.Y. Nov. 23, 2010) (denying a habeas petition on the grounds that a retaliation claim should be brought as a section 1983 action, and not as a habeas petition).  Here, Petitioner alleges that "[p]rison [o]fficials put in non-sex offense referral in retaliation for grievances." Pet. at p. 8.  This "is unrelated to the propriety of his custody." *Brooks v. Wolcott*, 2020 WL 3103795, at *6 (holding that a retaliation claim is not related to the inmate's custody and is therefore not cognizable upon federal habeas review).

Furthermore, "where a petitioner is challenging actions that affect solely the conditions of his confinement, not the fact or duration, such claims are properly brought pursuant to 42 U.S.C. § 1983." *Urena v. Annucci*, 2019 WL 10947148, at *4 (S.D.N.Y. Sept. 25, 2019) (emphasis removed).  Any deprivation of rights that does not impact the fact or duration of an inmate's confinement constitutes a condition of confinement.  *Id.* (citing *Jenkins v. Haubert*, 179 F.3d 19, 28 (2d Cir. 1999)).  Claims of pure conditions of confinement are actionable, if at all, by way of a 42 U.S.C. § 1983 claim. *Urena v.*

7

*Annucci*, 2019 WL 10947148, at *5 (finding that a claim that did not impact the duration of confinement and was only regarding conditions of confinement was not cognizable on federal habeas review). The retaliation claim, therefore, is subject to dismissal on this basis.

Here, as noted, Petitioner filed a section 1983 action alleging retaliation. *White v. Marinelli*, 9:17-CV-1094, Dkt. No. 1. Some courts have converted writs of habeas corpus that have issues regarding conditions of confinement, instead of duration, into section 1983 actions. *Urena v. Annucci*, 2019 WL 10947148, at *6. However, other courts have refused to do so, specifically " . . . where a separate § 1983 action is pending." *Id.*; *see also Booker v. Chappius*, 2016 WL 8668511, at *2 (W.D.N.Y. Nov. 18, 2016) (denying a habeas petition on the grounds that the claims do not have an effect on fact or length of confinement, and that the petitioner had already filed a section 1983 complaint in another federal district involving the same claim). Here, a motion for summary judgment has been filed seeking dismissal of Petitioner's claim that the SOCTP referral was retaliatory. *See White v. Marinelli*, 9:17-CV-1094, Dkt. No. 75-1 at pp. 12-14. Given the status of that litigation, addressing the retaliation claim in this habeas action would not serve the interests of judicial economy. For these reasons, Petitioner's retaliation claim should be dismissed.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

8

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.[6]

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[7] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 16, 2021
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").

[6] In addition to Petitioner's address of record, the Clerk is also directed to serve a copy of this decision upon Petitioner at the following address: Robert N. Davoren Complex, 11-11 Hazen Street, East Elmhurst, NY 11370. *See White v. Marinelli*, Dkt. No. 82.

[7] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).